# In the United States Court of Federal Claims

Nos. 19-1020T, 19-1021T
(Filed: November 23, 2020)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BING DU and HELEN GE, | |
| *Plaintiffs*, | *Pro Se*; Motion to Dismiss for Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Internal Revenue Code § 6512(a); Tax Refund Claim. |
| v. | |
| THE UNITED STATES, | |
| *Defendant*. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Bing Du* and *Helen Ge*, Half Moon Bay, CA, *pro se* plaintiffs.

*Katherine R. Powers*, Tax Division, U.S. Department of Justice, Washington, D.C., with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, for Defendant.

OPINION

BRUGGINK, *Judge*.

This a suit for refund of federal income tax. On July 16, 2019 plaintiffs Bing Du and Helen Ge filed two complaints seeking a refund of $4,387.00 for tax year 2008 and $67,202.00 for 2009. The cases have been consolidated.[1] Pending are defendant's motion to dismiss for lack of jurisdiction (ECF No. 24) and plaintiffs' motion for judgment on the

---

[1] Plaintiffs' two complaints allege that they overpaid taxes in 2008 and 2009. The complaints allege identical facts, differing only in the amount and the tax year. Because *Bing Du & Helen Ge*, No. 19-1020T shares nearly identical questions of law and fact with *Bing Du & Helen Ge*, No. 19-1021T, the cases were consolidated.

pleadings (ECF No. 27).  The motions are fully briefed.  For the reasons stated below, we grant defendant's motion to dismiss for lack of subject matter jurisdiction and deny plaintiffs' motion for judgment on the pleadings.

BACKGROUND

I.  Factual History

Bing Du and Helen Ge are married and jointly own two businesses: a pharmaceutical consulting company, MedVicer, Inc. ("MedVicer"), and a bed and breakfast ("B&B") operated by D&G Associates.  In 2008, plaintiffs purchased land in Half Moon Bay, California to build their B&B.  From 2008 to 2009, plaintiffs paid $190,000 to state regulatory agencies in California for building fees and permits.  Plaintiffs then deducted that amount from their income taxes for 2008 and 2009 as indirect business expenses.

In March of 2011, the Internal Revenue Service ("IRS") audited plaintiff's 2008 and 2009 taxes.  The IRS' audit resulted in plaintiffs receiving a notice of deficiency for both years.  Def. App. 16 (ECF No. 24-1) (IRS Notice of Deficiency).  The audit identified two issues.  First, the $190,000.00 that plaintiffs deducted from their personal income taxes as indirect business costs for 2008 and 2009, were required to be capitalized under I.R.C. § 263A.[2]  Am. Compl. ¶ 6 (ECF. No. 19).  Second, the IRS found that plaintiffs did not file tax returns for plaintiffs' business, MedVicer, for 2008 and 2009. *Id* ¶ 4.  The IRS thus recalculated plaintiffs' tax liability under I.R.C. § 263A to include income generated by plaintiff's business, MedVicer. *Id.* ¶ 6.  The additional tax liability identified by the IRS' notice of deficiency was $2,429.00 for the tax period ending December 31, 2008 and $33,533.00 for the tax period ending December 31, 2009. *Id.* Plaintiffs also incurred penalties pursuant to Internal Revenue Code ("I.R.C.") § 6662(a) of $485.80 for 2008 and $6,706 for 2009. *Id.*

Plaintiffs responded to the IRS' findings by requesting permission from the IRS to file an amended tax return for 2008 and 2009.  Am. Compl. ¶ 7. Plaintiffs also requested that the IRS change the name listed on the IRS' notice of deficiency from "Bing Du and Helen Ge" to "MedVicer" because

---

[2] Under I.R.C. § 263A, plaintiffs were required to capitalize the $190,000.00 in business costs that plaintiffs deducted for 2008 and 2009 on plaintiffs' Schedule C activity involving D&G Associates, the operator of plaintiffs' B&B.

2

plaintiffs believed their business MedVicer was at issue, not plaintiffs' personal income taxes. *Id.* ¶ 12. Both requests were denied.

According to the IRS, plaintiffs' business, MedVicer, was an S Corporation, and thus plaintiffs should have included the income generated by MedVicer, on their 2008 and 2009 personal tax returns.³ Am. Compl. ¶ 8. Despite disagreeing with the auditor's characterization of MedVicer's corporate form, plaintiffs agreed to sign an IRS Form 870 in order to avoid the IRS placing a levy on plaintiffs' home.⁴ *Id.* ¶¶ 9, 10. The Form 870, signed in October 2011, memorialized plaintiffs' consent to allow the IRS to collect outstanding tax liability related to the IRS' audit determinations.⁵ *Id.*

II. Procedural History

Plaintiffs have since challenged the IRS's assessments in multiple courts. Plaintiffs first sought relief at the Tax Court.

   A.   United States Tax Court Actions

In March of 2012, plaintiffs petitioned the U.S. Tax Court contesting the IRS' audit determination of their 2008 and 2009 taxes and the name listed on the IRS' notice of deficiency, contending that the notice should have been issued to plaintiffs' business MedVicer and not plaintiffs personally.⁶

---

³ The characterization of an S Corporation by the Internal Revenue Code, 26 U.S.C. §§ 1361–1379, defines an S Corporation as a small business corporation which elects under 26 U.S.C. § 1362(a) to be an S Corporation. Pursuant to 26 CFR § 1.13666-1 (a)(1), shareholders are responsible for the tax liability of an S Corporation, whether reporting items of income, loss, deduction, or credit.

⁴ IRS Form 870 is a waiver that allows immediate assessment and collection of any deficiencies by the IRS.

⁵ The plaintiffs represented that they signed IRS Form 870 in October of 2011 (*See* Am. Compl. ¶¶ 9, 10). The parties agree that Form 870 was executed and agree that Form 870 related to the indirect business costs deducted on Schedule C of Plaintiffs' 1040 for 2008 and 2009, however the defendant claims that the IRS could not locate a copy of Form 870 that the plaintiffs executed. *See* Mot. to Dismiss at footnote 5, ECF No. 24.

⁶ Tax Court Docket No. 7994-12.

The IRS extended a settlement offer to plaintiffs. Pls.' Ex. 1 at 5-8 (ECF No. 18-1) (IRS appeals settlement proposal and tax computation). The terms of the settlement did not change the name listed on the IRS' notice of deficiency as plaintiffs requested. *Id*. Instead, the IRS proposed that MedVicer would be taxed as a Subchapter C Corporation for tax years after 2009, and several adjustments would be made to plaintiffs' taxable income for 2008 and 2009. *Id.* The first adjustment was that MedVicer's taxable income would be treated as adjustments to plaintiffs' individual income. *Id.* Second, plaintiffs would also be allowed net operating loss deductions for 2008 and 2009 attributable to MedVicer's net operating losses in 2010 and 2011. *Id.* Finally, plaintiffs' deficiency was assessed as $17,574.00 and plaintiffs would not incur penalties under I.R.C. 6662(c). *Id.* Plaintiffs accepted the settlement offer, and on November 12, 2013, the Tax Court entered a stipulated judgment to give effect to the parties' agreement. *Id.* at 1-4 (U.S. Tax Court docket entries and decision).

In February of 2018, plaintiffs again petitioned the U.S. Tax Court contesting their 2008 and 2009 tax years.[7] Pls.' Ex. 2. at 1-2 (ECF No. 18-2). Plaintiffs asked the Tax Court to invalidate the IRS Form 870 that they signed and to accept plaintiffs' amended personal tax returns, IRS Forms 1040X, for 2008 and 2009. Am. Compl. ¶¶ 24, 34. In those amended returns, plaintiffs represented that they "only owed about $700 in federal tax, and they paid that amount when they filed their amended personal tax returns." *Id*. ¶ 25. Finally, plaintiffs alleged that the names and tax identification numbers on the Tax Court's final decision in case number 7994-12 were wrong because the notice of deficiency was issued to plaintiffs personally instead of their business, MedVicer. *Id*. ¶ 30.

On April 5, 2018, the IRS filed a motion to dismiss Docket No. 3194-18 for lack of jurisdiction because plaintiffs had not received a notice of deficiency that would grant the Tax Court jurisdiction to hear plaintiffs' petition. On September 6, 2018 the Tax Court granted the IRS' motion to dismiss. Plaintiffs filed a motion to vacate, which was denied.

On September 18, 2018, plaintiffs filed a motion to vacate the stipulated decision in Tax Court Docket No. 7994-12, arguing that the Tax Court lacked jurisdiction because the 2012 notice of deficiency was incorrectly issued to plaintiffs personally, rather than to plaintiffs' business. The Tax Court denied the motion to vacate as untimely. On February 11, 2019, plaintiffs appealed to the U.S. Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the Tax Court's decision not to vacate its earlier

---

[7] Tax Court Docket No. 3194-18.

4

order. *Helen Ge and Bing Du v. Comm'r*, No. 19-70359, Dkt. Entry 10 (9th Cir., May 29, 2019).

### B. United States Court of Federal Claims

On July 16, 2019, plaintiffs commenced the present actions by filing two complaints alleging that plaintiffs overpaid taxes in 2008 and 2009. Because the two complaints shared nearly identical questions of law and fact, the cases were consolidated. (ECF No. 11) (Order granting defendant's motion to consolidate).

On January 7, 2020 defendant answered plaintiffs' complaints, denying plaintiffs' allegations of entitlement to a tax refund for 2008 and 2009 alleging that plaintiffs owed $54,597.00 on their 2009 tax account. Answer ¶ 47 (ECF No. 12). Defendant further argued that plaintiffs' claims were barred under I.R.C. § 6512(a) and the doctrine of *res judicata* pursuant to *Commissioner v. Sunnen*, 333 U.S. 592 (1948) because plaintiffs previously petitioned the U.S. Tax Court for a refund for 2008 and 2009. Answer, Additional Defenses, ¶¶ 1, 2.

On January 28, 2020 plaintiffs filed an amended complaint, seeking a refund of $21,960.00 for tax year 2008 and $67,202.00 for tax year 2009. Pls.' Ex. 4 at 9 (ECF No. 18-4) (Plaintiffs' requested relief). On February 25, 2020 defendant answered plaintiffs' amended complaint, denying that plaintiffs were entitled to a refund and again asserting that plaintiffs owe $54,597.55 in unpaid taxes for 2009. Answer to Am. Compl. ¶ 48 (ECF No. 19). Defendant further advised that:

> Plaintiffs received a notice of deficiency under I.R.C. § 6212(a) and filed a petition at the U.S. Tax Court relating to tax years 2008 and 2009; therefore, the Tax Court had jurisdiction over the entirety of plaintiffs' 2008 and 2009 income taxes. Accordingly, the Tax Court's decision as to those years barred plaintiffs' suit for refunds for tax years 2008 and 2009 under the doctrine of *res judicata*, pursuant to *Comm'r v. Sunnen*, 333 U.S. 591 (1948).

Answer to Am. Compl., Affirmative Defenses, ¶ 1.

On May 29, 2020, defendant filed a motion to dismiss plaintiffs' complaint for lack of jurisdiction (ECF No. 24). On June 23, 2020, plaintiffs cross-filed a motion for judgment on the pleadings. (ECF No. 27). Both motions are now fully briefed.

DISCUSSION

Defendant argues that this court lacks jurisdiction over plaintiffs' claims for a tax refund for 2008 and 2009 pursuant to I.R.C. § 6512(a), which bars claims for refunds when the taxpayer already has petitioned the Tax Court for the same tax years. Mot. to Dismiss at 14 (ECF No. 24). Defendant also asserts that we lack jurisdiction pursuant to the doctrine of *res judicata* because the Tax Court issued a final decision adjudging plaintiffs' tax liability for the two years at issue in plaintiffs' complaints here. *Id.* at 21. Finally, defendant argues this court lacks jurisdiction over the claim for a refund for tax year 2009 because plaintiffs have not yet paid their taxes for that year. *Id.* at 24.

In plaintiffs' motion for judgment on the pleadings, plaintiffs claim they have provided the court with enough evidence to support federal tax refunds for 2008 and 2009, which plaintiffs allege were "illegally withheld by the IRS." Pls.' Mot. for J at 2. Plaintiffs also argue that the doctrine of mutual mistake supports their contention that the decision in Tax Court Docket No. 7994-12 is void. *Id.* at 6. Plaintiffs identify the fact that the Tax Court addressed its decision to plaintiffs personally rather than their business as the "mutual mistake" that ought to invalidate the result from the Tax Court.

Defendant argues in response that plaintiffs' motion for judgment fails because plaintiffs cannot "rescind" the stipulated final decision of Tax Court Docket No. 7994-12 based on allegations of "mutual mistake." Def. Resp. to Mot. for J. at 2-3 (ECF No. 29). Defendant asserts that although the "common law doctrine of mutual mistake, as described in *Sherwood v. Walker*, 66 Mich. 568, 33 N.W. 9191 (1887), may be relied upon to invalidate an agreement between two parties, it is no longer an acceptable basis to vacate a prior Court order." *Id*. Defendant cites to *Prizer v. United* States, 11 Cl. Ct. 184, 186 (1986) (applying the doctrine of *res judicata* and I.R.C. § 6512(a) to bar subsequent suits challenging a tax assessment when the issue could have been raised at the tax court). *Id*. According to defendant, in plaintiffs' case, the appropriate time to raise the issue of "mutual mistake" was with the Tax Court, when plaintiffs could ensure the settlement decision reflected what plaintiffs thought the decision should reflect. Def. Resp. to Mot. for J. at 3. Defendant further cites *Snow v. Comm'r*, 142 T.C. at 420 (2014) for the proposition that mutual mistake is no longer accepted as a basis for invalidating prior decisions, and, in any event, the place to do that is in the Tax Court itself—which plaintiffs already tried—not this court, which has no jurisdiction to review Tax Court decisions.

I. Jurisdiction

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States ... in cases not sounding in tort." 28 U.S.C. §149 l(a)(l) (2012). Under the Tucker Act this court has jurisdiction to hear claims for refund of tax alleged to have been erroneously or illegally assessed or collected. *See, e.g., RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). As such, plaintiffs must allege that there is a constitutional, statutory, or regulatory provision that mandates that they are presently owed money by the United States government or that they have a contract with the government under which they are owed payment.

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

In this case, the plaintiffs' requested relief is a claim for tax refund. Pls.' Ex. 4 at 9 (Plaintiffs' request for refund). Congress granted the Court of Federal claims the authority to entertain tax refund suits. *See* 28 U.S.C. § 1346(a). One prerequisite to file a claim for a tax refund in this court is "payment of the assessed taxes in full." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002)(citing *Flora v. United States*, 362 U.S. 145, 177 (1960); *Rocovich v. United States*, 933 F.2d 991, 993-94 (Fed. Cir. 1991).

Because plaintiff has an outstanding tax liability for 2009, a year in which they seek a refund, the court's jurisdiction requirement has not been met.[8] The court's jurisdiction is limited to those claims where the taxpayer has fully paid all taxes assessed for the year at issue prior to filing suit. *See Flora v. United States*, 357 U.S. 63, 75 (1958).

---

[8] Plaintiffs' IRS Form 4340 lists an outstanding tax balance of $54,597.55 for 2009. (*See* Def. App. at 15) (Bing Du and Helen Ge IRS Form 4340, 2009). IRS Forms 4340 Certificates of Assessments, Payments, and Other Specified Matters show unpaid assessed tax balances are presumptive proof of unpaid taxes. *See Simmons v. United States*, 127 Fed. Cl. 153 (2016).

7

Defendant further argues that we lack jurisdiction over plaintiffs' claims for a tax refund for the 2008 and 2009 tax years because I.R.C. § 6512(a) bars claims for refunds "in any court" where the taxpayer has previously petitioned the U.S. Tax Court for the same tax years. We agree. The present complaints are plainly barred by statute and none of the applicable exceptions apply. Plaintiffs sought relief from the Tax Court for tax years 2008 and 2009. Although a settlement was reached, it was effectuated through a decision by the Tax Court. That being the case, section 6512 bars other courts from hearing a "suit by the taxpayer for the recovery of any part of the tax" previously determined by the Tax Court. I.R.C. § 6512(a). The only avenue open to plaintiff was thus reconsideration by the Tax Court or appeal. Both of which have failed. We have no jurisdiction to upset any of those decisions.[9]

II. Res Judicata

Although we need not reach the issue, we note that the doctrine of *res judicata* would also apply here to bar plaintiffs' claims. We note only that, rather than a jurisdictional bar, the doctrine prohibits the claim from being brought because it has already been adjudged. Thus, dismissal would be appropriate for failure to state a claim, rather than for lack of jurisdiction.

## CONCLUSION

Because plaintiffs previously put the tax years challenged here at issue in a petition to the Tax Court, we lack jurisdiction to hear the issues anew. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted; and plaintiff's motion for judgment on the pleadings is denied. The Clerk is directed to dismiss the complaint and to enter judgment accordingly.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge

---

[9] We also agree with defendant that this court would otherwise lack jurisdiction over plaintiffs' claim for a 2009 tax year refund because the tax showed as owing by their returns has not been paid. *See Flora v. United States*, 357 U.S. 63, 75 (1958).